Hitchcock, J.
This action is brought upon an official bond, pursuant to the act of February 23, 1816, entitled ££an £ act pointing out the manner in which suits may be prosecuted £ on the bonds of executors, administrators and officers.” This law authorizes any person, who may be injured by the misconduct of any officer, to commence a suit, in the name of the obligee, named in the bond of such officer, for his use; and if judgment is recovered by the plaintiff,- the person for whose use *23 the suit is brought, shall have execution for such sum as shall have been ascertained to be his due, together with costs. It is manifest that no person can thus sue, unless he has an injury. But the withholding of money collected by an officer in his official capacity, would be, within the meaning of the law, an injury, for which an action could be sustained.
The first question presented by the demurrer in this case, is in substance, whether the commissioners of a county can sue for and collect debts due the county. We suppose there can be no doubt upon the subject. They are the representatives, the guardians of the county. By the seventh section of the act “ establishing boards of county commissioners,” (Swan’s Stat. 205,) it is expressly enacted, “that the board of com- £ missioners, in the several counties in this State, shall be capable £ of suing and being sued, pleading and being impleaded, in £ any court of judicature in this State.” It is only through this board of commissioners that suits in favor of, or against the county, can be instituted. The same section further authorizes and requires county commissioners “ to ask, demand, and re- £ cover, by suit or otherwise, any sum or sums of money, or £ other property, due to such county on account of advances £ made by them, on any contract with any person or persons, £ for the erection or repairs of any public buildings or bridges, ‘ or any other contract which, by the provisions of this act, £ they are authorized to enter into; and, in like manner, to £ sue for and recover in money the value or amount of any £ labor, or article of value subscribed instead of money, to aid £ in erecting or repairing public buildings or bridges, where £ such labor or article of value, upon their-requisition, shall not £ have been performed, delivered, or paid, in a reasonable £ time,” &c.
It is supposed by defendant’s counsel that, inasmuch as in this section certain cases are enumerated in which commissioners may sue for money due the county, that they are precluded in all other cases. If it be so,1 then it follows that; if a person is indebted to a county in any other manner, payment *24 cannot be enforced by process of law. It would not do to establish any such principle. If Piatt, in his official capacity Clerk of the Court of Common Pleas, had received money belonging to the county of Hamilton, and it is alledged in the declaration that he had, then this suit was well brought in the name of the obligee in his official bond, for the use of that county. In no other way could the money be collected by process of lavy. Nor does this opinion in the least conflict with the case of the Treasurer of Perry county v. Hood, 11 Ohio Rep. 429, cited by defendant’s counsel.
The next objection to the declaration is, that “ it is no where £ averred therein, that the indictments wherein those fines, fees £ and costs arose, were determined in favor of the State of £ Ohio, and was of right thereafter the property of the county £ of Hamilton, and that the commissioners had a right to sue £ therefor.”
The averment in the declaration is, that Piatt, during his continuance as clerk, received, in his official capacity, $966 26, the same being fines, fees and costs, in suits heard and determined in the Court of Common Pleas of Hamilton county; and that the same were payable, and ought to be paid, into the treasury of that county. The declaration in the first count specifies the particular cases in which these fines, fees and costs were paid and received. It seems to the Court that, in this respect, it is sufficient.
It is next objected, “ that it is no where averred iii the de- £ claration for what grade of offences those fines, &c., were £ assessed and collected.”' ,
This was not necessary. If upon trial to a jury the plaintiffs shall claim fines, fees, or costs which do not of right belong to the county, they can, and unquestionably would be rejected. For the present purposes, it is sufficient that it is averred in the declaration that these fines, fees and costs were, of right, payable into the county treasury.
Again,— it is objected to the declaration, that ££it is not ( averred therein that Piatt was a qualified officer under the *25 £ constitution .arid, the laws, and that the. supposed sum of £ money, claimed in plaintiff’s' declaration,’arose after such £ qualification, and came info his hands as the clerk of said f court de jure.”, ’ / . ’
' The declaration- sets forth the bond, the appointment of Piatt,' the delivery of .the bond, and its deposjt with the county treasurer, and ’that he-., entered upon the discharge of his duty as clerk, and so continued until February, 1844. It is not expressly alledged that ’he took the oath of office but ■ Whether he did or not, can make no difference. Under the circumstances, neither he nor his sureties wóuld be' permitted'to defend themselves, upon the ground that he-was an usurper. The declaration further’alledges that, while he was thus in- the exercise of his office, he received the money in controversy. If this be so, i.t is immaterial., whether the fines were assessed; or the costs accrued, before of'during the term of his official appointment.. In either' event,, being received by him in his official capacity, they are within the condition of his .bond.
The last objection is, ££ that it cannot be gathered from said ‘ declaration that the £ certain indictments ’ therein spoken of £ ever matured into judgments, ór assumed any other judicial £ form, by which said fines, &c., could have been collected by £ an officer-in his'.capacity-as such.” -' -'
Let- this be as it may, it appears from the-declaration .that Piatt was an officer., and that as' such officer 'he did collect these fines,’fees,-and costs, and -’that they beloiiged 'to th'e coun-’ ty; and we are not to presume that he collected them withqut authority of law.
In the opinion of the .Court, the declaration is. sufficient in law to entitle the plaintiffs to maintain their action.' The de- ' fendants will have leave to withdraw the demurrer and plead. '
Read, J. being, connected with one of the parties, took no part in the decision of-this case.1 /