Okey, J.
Two questions are presented in this case. The first is, whether the court erred in admitting declarations and memoranda made by Joseph B. Shewell to prove payment of the judgment to Cordelia Cavender. The other is, whether the district court erred in permitting an amendment of the appeal bond.
1. Did the court err in admitting the declarations and memoranda, considered either together or separately? Various grounds have been suggested to sustain the reception of the evidence. Hence, we are led to inquire whether the memoranda were admissible because in the nature of a book account; whether they were entries made in the usual course of business by a person who has since died ; whether they were entries against interest; and whether the declarations and memoranda were part of the res gestee.
Were the memoranda in the nature of a book account? Quite possibly account books, fairly kept by persons since deceased, may be competent evidence in other cases than those expressly provided for in our statutes. (1 S. & C. 552; 68 v. 128; 74 v. 162.) But, however that may be, *335 such marginal notes 'are not a book account. Wilson v. Goodin, Wright, 219. Nor is money in sums of considerable amount, as in this case, the subject of a book account. Cram v. Spear, 8 Ohio, 494. See 1 Wharton’s Ev., secs. 678-688; 1 Smith’s L. C. 390.
Were they admissible as entries made in the usual course of business ? We think they were not. As applied to entries of this character, the rule has relation to entries made by an agent, and not by a principal. R. v. Worth, 4 Q. B. 132. Joseph B. Shewell was, no doubt, in one sense, the agent of Thomas E. Shewell, who created this trust; but, so far as this controversy is concerned, he can be regarded in no allowable sense as the agent of Cordelia Cavender. Again, to note on the margin the transaction in which the check was issued, was, it appears, not the uniform course. It was only occasionally done, as a matter of convenience to the person who issued the check. Much less was making this deposit, and issuing these checks in the firm name, an ordinary execution of the trust. To bring a case within this somewhat strict rule, it must appear, that not only should the entry have been made in the due discharge of the business about which the person is employed, but the duty must be to do the very thing to which the entry relates, and then to make a report or record of it. Smith v. Blakey, L. R., 2 Q. B. 326.
Was this an entry against interest? The• memorandum as to Mary Cavender contains the statement, that the sum demanded is paid on account of a note; and as her note was for $2,500, this was an acknowledgment of liability in a much larger sum than both amounts stated in the •memoranda, if the trustee can be considered in any sense liable for the note. The rule seems to be, that where an entry in the handwriting of a deceased person is prima facie against interest, it is admissible as evidence for all purposes, irrespective of its effect or value when received. This rule is strongly illustrated in Taylor v. Witham, 3 L. R. Ch. Div. 605 (1876), But Joseph B. Shewell was not liable for the note. His duty, as well as liability, was discharged *336 whenever he accounted for the proceeds of the sale of the-trust estate. As to Cordelia Oavender, the memorandum was directly in favor of the trustee. In truth, he and Thomas E. Shewell were equally interested in establishing the fact that the judgment bad been paid. Joseph was interested in accounting for the fund which came to his bauds, and Thomas was interested in relieving the remaining portion of the trust estate from the lien. Nor are the-entries to be taken together. The judgment and note were-due to different persons in different rights, and were wholly distinct; and the fact that a credit appears on the note, corresponding in date and amount with the memorandum on the stub as to Mary Oavender, affords, legally, no evidence-that Joseph B. Shewell paid to Cordelia Oavender the-amount of her judgment.
Was the testimony admissible as part of the res gestoet No doubt what is done is as much part of the res gesta as what is said, and' either may operate in favor of,-as well as against the person acting or speaking; but res gesta are-those circumstances which accompany, explain, and illustrate an act. They are incidents and not the act itself. The proof of pajnmeut of the judgment is made to rest entirely on the matters which are here claimed to be res gesta-. Of course, the declarations, considered alone, stand on no-better ground. The principal facts, as to the deposit and memoranda, being incompetent, declarations relating thereto-can not be admitted as part of the res gesta.
Einally, we are led to the conclusion that the district court erred m admitting the evidence. To sanction its admission is to establish a new rule of evidence, which is an exercise of legislative and not -judicial power. Doubtless-such testimony may be so connected with other facts properly in evidence, as to be admissible; but, so far as this record discloses, there was no fact or circumstance to bring-the evidence within any recognized rule. Before Thomas E. Shewell, who is directly interested to the full amount of this judgment, can be permitted to prove its payment by the memoranda and declarations of his brother, who was- *337 equally interested, and who made the declarations and! memoranda in the absence of the person to be affected by them, his right to do so must have other support. Legally,, the evidence did not tend to prove the issue, but was mere hearsay. Nor can it be doubted that such declarations and acts, the natural tendency of which is to exonerate a trustee-from liability, like declarations attending and supporting the possession of property (15 Ohio St. 15 ; 93 IT. 8. 379), should be limited within narrow bounds. The whole subject is ably presented in "Wharton’s Evidence, Book lr Oh. 4.
2. We see no error in the order of .the district court permitting a new appeal bond to be filed. -The notice of appeal was general, extending to the whole case. The bond, by mistake, was limited to the case between Watts and Thomas E. Shewell. The strict rule which formerly prevailed has been completely abrogated by statute (Civil Code, sec. 137; 2 S. & C. 1169, sec. 722); and in holding that this amendment was permissible, we but follow the principle expressed in Irwin v. Bank of Bellefontaine, 6 Ohio St. 81; Negley v. Jeffers, 28 Ohio St. 90; and Johnson v. Johnson, ante, 131.
3. On the issue between David Watts and Thomas E. Shewell, all the evidence is in the record. Upon this we think we are warranted in affirming the judgment as to that issue, without deciding whether the rulings at the trial could all be otherwise supported.
Judgment affirmed as to the finding on the claim óf David Watts, and reversed and remanded for further proceedings as to the finding on the claim of Estill, administrator.