### ANNA C. GOGREVE v. ELIZABETH DAY.

1. DEVISE FOR LIFE WITH POWER TO SELL.

   The devise of real estate in this case was for life only, with power to sell for the benefit of the estate.

   [For other cases in point, see 7 Cyc. Dig., "Wills," §§ 825-828.—Ed.]

2. PROMISE BY TESTATOR OF REIMBURSEMENT FOR SERVICES.

   Where long and faithful service by the plaintiff was acknowledged by the decedent, who exacted a promise that these services should be continued to his wife after his death, with the direction that the wife make suitable provision for the services rendered and to be rendered, a binding contract is made and a debt created against the estate for services performed after as well as before the death of the decedent.

   [For other cases in point, see 7 Cyc. Dig., "Wills," §§ 60-63.—Ed.]

3. PRESENTATION OF CLAIMS TO EXECUTOR.

   A conveyance under such circumstances by the widow to the plaintiff, of. property forming no more than an adequate consideration for the services rendered, is a conveyance for the benefit of the estate, and plaintiff is entitled to a decree quieting her title to said property; notwithstanding she had never presented her claim to the executor who had knowledge of its existence.

   [For other cases in point, see 4 Cyc. Dig., "Executors and Administrators," §§ 672-685.—Ed.]

ERROR to Hamilton common pleas court.

**Chris. Von Seggern** and **Burch & Johnson,** for plaintiff.

**C. J. Fitzgerald, Henry Baer** and **Powell & Smiley,** for defendant:

Cited and commented upon the following authorities: *Jones* v. *Lloyd,* 33 Ohio St. 572; *Rusing* v. *Rusing,* 25 Ind. 63; *Lord* v. *Bourne,*

Hamilton County.

63 Me. 368 [18 Am. Rep. 234]; *Goodwin* v. *Goodwin*, 33 Conn. 314; *Peet* v. *Railway*, 70 Tex. 522 [8 S. W. Rep. 203]; *Weston* v. *Weston*, 38 Ohio St. 473; 1 Jarman, Wills 451; 1 Redfield, Wills 454, Sec. 33; *Williamson, In re*, 8 Dec. 47 (6 N. P. 79); *Robison* v. *Orphan Asylum*, 123 U. S. 702 [8 Sup. Ct. Rep. 327; 31 L. Ed. 293]; *Metcalf* v. *Framingham Parish*, 128 Mass. 370; 1 Redfield, Wills 467, Sub. 17, Sec. 33; *Carter* v. *Reddish*, 32 Ohio St. 1; *Charch* v. *Charch*, 57 Ohio St. 561 [49 N. E. Rep. 408]; *Cassidy* v. *Hynton*, 44 Ohio St. 530 [9 N. E. Rep. 129]; *Collins* v. *Collins*, 40 Ohio St. 353; *Gillen* v. *Kimball*, 34 Ohio St. 352; *Linton* v. *Laycock*, 33 Ohio St. 128; *Richey* v. *Johnson*, 30 Ohio St. 288; *American Tract Soc.* v. *Atwater*, 30 Ohio St. 77 [27 Am. Rep. 422]; *Baxter* v. *Bowyer*, 19 Ohio St. 490; *Sinton* v. *Boyd*, 19 Ohio St. 30 [2 Am. Rep. 369]; *King* v. *Beck*, 15 Ohio 559; *Naylor* v. *Loomis*, 6 Circ. Dec. 41 (9 R. 96); *Helfferich* v. *Helfferich*, 11 Dec. Re. 303 (26 Bull. 83); *Widows Home* v. *Lippardt*, 70 Ohio St. 261 [71 N. E. Rep. 770]; *Johnson* v. *Johnson*, 51 Ohio St. 446 [38 N. E. Rep. 61]; *Huston* v. *Craighead*, 23 Ohio St. 208; *Jagger* v. *Davidson*, 45 Minn. 424 [48 N. W. Rep. 10]; Perry, Trusts Sec. 540.

## GIFFEN, J.

This action was commenced to quiet title to certain real estate conveyed to plaintiff by Christina Behrens, widow of Frederick Behrens, who died testate. His last will and testament contained the following provisions, after giving all of the personal property to his wife:

"Item 3. I give, devise and bequeath to my beloved wife, Christina Behrens, all the real estate of which I may die seized and possessed of, or to which I may be entitled at the time of my death, she to have, hold and enjoy the same for and during her natural life; and I hereby authorize and empower my said wife to sell any and all of my real estate, with the exception of the house and lot known as number twenty-one (21) Woodward street, Cincinnati, Hamilton county, Ohio, and to convey the same by a good and sufficient deed in fee simple and the purchaser shall not be required to look to the application of the purchase money."

Items 5 and 6 give certain charitable bequests to be paid in money after his wife's death.

"Item 7. All the rest and residue and remainder of my estate I give, devise and bequeath to my heirs at law, according to the laws of descent and distribution of the state of Ohio."

*Held:* The wife took a life estate only in the real estate, with power to sell the same for the benefit of the estate. *Jones* v. *Lloyd*, 33 Ohio

St. 572; *Baxter* v. *Bowyer*, 19 Ohio St. 490; *Huston* v. *Craighead*, 23 Ohio St. 198, 208.

The plaintiff, though not adopted, lived with the testator and his wife as their child, performing during the best period of her life, from the age of eighteen till about forty-eight years, not only every sort of menial service, but her filial duty toward them.

The testator, a short time before his death, recognized and acknowledged his indebtedness to her for such service, and exacted a promise from her to perform a like service for his wife after his death, and directed his wife to make a suitable provision for the plaintiff on account of services rendered and to be rendered. This constituted a binding contract between them and upon performance by the plaintiff of the services required, created a debt against the estate for services performed after the death of the testator, as well as those before.

That the services performed during a period of nearly thirty years were an adequate consideration for the real estate conveyed is fully supported by the testimony; hence the power of sale was duly executed for the benefit of the estate. The fact that no claim was presented by the plaintiff to the executor is of little moment, as the object of the law in requiring the presentation of claims against an estate is to apprise the executor or administrator of their existence, amount and character, which in this case were already known. *Cheeseman* v. *Kyle*, 15 Ohio St. 15, at 20 and 21.

The plaintiff is therefore entitled to the relief prayed for and a like decree to that entered in the court of common pleas may be entered in this court.

**Swing** and **Smith, JJ.,** concur,