## RUHL, ESTATE OF, In re

Ohio Appeals, 2nd Dist., Franklin Co.

No. 3293. Decided Feb. 13th, 1941.

Spira & Cunix, Columbus, for plaintiff-appellant.

Kennedy & Hensel, Columbus, for appellee.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of the appeal on questions of law of James F. Ruhl from the judgment of the Probate Court of Franklin County, Ohio.

On or about September 2, 1939, James F. Ruhl, son of Jessie M. Ruhl, deceased, filed with the probate Court of Franklin County, Ohio, his complaint against Mark L. Ruhl, also son of decedent, and executor of her estate, charging the latter with having concealed or conveyed away moneys, goods, things in action or effects belonging to the estate of said decedent, in fraud of the rights of affiant and others interested in the estate. Citation was issued on the complaint, hearing had and decision returned finding in favor of Mark L. Ruhl and dismissing the affiant's complaint.

Motion for new trial was filed, overruled and final judgment entered on or about August 22, 1940.

Within proper time notice of appeal was duly filed through which the cause was lodged in our court.

Appellant's assignments of error are presented under three separately numbered specifications as follows:

"1. The trial court erred in excluding the testimony of William C. Ruhl and Eva Ruhl.

"2. The Court erred in permitting the defendant to reopen the case and erred in permitting the deposition of Clara Lieb to be admitted as evidence.

"3. The judgment is against the manifest weight of the evidence."

We now take up and determine the several assignments of error in the above numbered order.

"1. DID THE TRIAL COURT ERR IN EXCLUDING TESTIMONY?"

The bill of exceptions discloses that the testimony of William C. Ruhl and Eva Ruhl was taken as proffered but under the statement of the court that on the final determination of the cause he would rule on the admissibility of the testimony, all of which was received under objections of counsel for Mark L. Ruhl. Strictly speaking, the record does not disclose that the court ruled upon the admissibility of this testimony at all, although counsel in their brief admit that on the final determination of the case the court ruled that the testimony, at least in part, was ruled out.

We also have before us the written opinion of the court which very fully sets out the court's ruling on the question of evidence, but this written opinion of the court is not a part of the bill of exceptions nor was such ruling incorporated in a journal entry.

The rule of law is so well recognized as to need no citation of authorities, that courts speak only through their journals. and that a written decision of a court is neither an original paper nor a document of any force or effect.

It is nothing more than the basis for making up a judgment entry.

Except as the above observations may be helpful in future cases in

252

making up records, it makes little, if any, difference in the instant case, since the acceptance of all the evidence in the record can not be prejudicial to the appellant. Furthermore, we have the right to determine the question of the correctness of the judgment after eliminating any and all evidence objected to and improperly admitted.

William C. Ruhl, widower of decedent, Jessie M. Ruhl, was called as a witness and testified as to statements and conversations that he had had with his wife during the period of coverture relative to the subject matter of the question in controversy.

There could be no question that this testimony was improperly admitted. §11494 GC, provides as follows:

"The following persons shall not testify in certain respects:

* * *

"3. Husband and wife concerning any communications made by one to the other or any act done by either in the presence of the other during coverture, unless the communication was made or act done in the presence or hearing of a third person competent to be a witness. The rule shall be the same if the marital relation has ceased to exist * * *."

Objection was also taken to the testimony of Eva Ruhl.

This witness was the wife of James F. Ruhl, the complainant. The witness was permitted to testify, over objection, that the decedent, Jessie M. Ruhl, had frequently talked to her concerning her intended disposition of her property, and in substance that she wanted her two sons, Mark L. Ruhl and

James F. Ruhl, to share in her property equally.

The witness testified that one of the conversations of this same general character was in the presence of Mark L. Ruhl. We have no difficulty in determining that the testimony of this witness as to conversations with the decedent which were not in the presence of the appellee would not be competent.

This rule of law is founded upon the theory that such statements are classified as self-serving and therefore not admissible.

The courts have determined that the principle is applicable in actions affecting an estate just the same as where the action is brought by the person making such statements. The following Ohio authorities support the rule: Kyle, Admr. v Kyle, 15 Oh St 15; Beck v Gage, et al, 21 C. C. N. S. 160, (affirmed by Supreme Court without opinion in 76 Oh St 575.) Other parts of the testimony of this witness would be competent, including the testimony of claimed statements made by the decedent in the presence of appellee, Mark L. Ruhl, if the same were heard by Mark L. Ruhl. It is questionable if the record presents such surrounding circumstances as would warrant the conclusion that Mark L. Ruhl heard any such statements claimed to have been made in his presence by his mother. The witness says that Mark L. Ruhl was at the head of the bed at the time the statements were credited with being made. Mr. Ruhl was not inquired of as to whether or not such statements were made in his hearing by any of counsel and neither was the witness, Eva Ruhl, inquired of as to the tone of voice or other conditions through which it would be fairly inferable that Mark L. Ruhl did hear such statements made.

Under the second assignment of error the statement is made that the trial court improperly opened the case on application of counsel for Mark L. Ruhl and permitted the presentation of further testimony.

This is a matter that is clearly within the sound discretion of the trial court and we find no error in such action.

Of course the rule would be different in a trial before a jury, but in the instant case the matter was being tried to the court without the intervention of a jury.

The third and last assignment claims that the judgment is against the manifest weight of the evidence.

The rule is well recognized that reviewing courts are loathe to disturb the findings of the trial court on factual questions. Of course in proper cases reversals are made on the weight of the evidence. We have examined the record in the instant case and very carefully read the testimony of all witnesses. We are not able to find any error in the trial court's determination on the factual questions.

The judgment of the Probate Court will be affirmed and costs of this case adjudged against the appellant.

The cause is remanded.

GEIGER, PJ, and HORNBECK, J., concur.