HUNTSMAN, ADMR., APPELLEE, *v.* CHESAPEAKE & OHIO
RY. CO., APPELLANT.

(No. 994—Decided May 24, 1947.)

*Messrs. Martin & Reed* and *Mr. William P. Moloney,* for appellee.

*Mr. Henry A. Mickley* and *Messrs. Wilson & Rector,* for appellant.

GUERNSEY, J. This is an appeal on questions of law, from a judgment of the Common Pleas Court of Marion county, in an action wherein the appellee herein, Fremont Huntsman, as administrator of the estate of LeRoy Huntsman, deceased, was plaintiff, and the appellant herein, Chesapeake & Ohio Railway Company, was defendant.

The action is one for damages for the wrongful death of plaintiff's decedent, claimed to have been caused by the negligence of the defendant in operating, at night, one of its locomotives backward and to the south on its northbound main track, to and over Columbia street in the city of Marion, Ohio, at the same time plaintiff's decedent was engaged in driving his automobile in an easterly direction on Columbia street

and on and over the railway crossing on such street, plaintiff's decedent being killed as a result of such locomotive colliding with the automobile.

At the trial of the case in the Common Pleas Court, the jury returned a verdict in favor of the plaintiff in the sum of $2,000, and defendant's motion for new trial having been overruled, the court entered judgment for that sum on the verdict. That is the judgment from which this appeal is taken.

Such of the evidence as is essential to a determination of this appeal will be discussed under the various assignments of error.

The defendant assigns error in the following particulars:

1. The court erred in overruling defendant's motion for a directed verdict, made at the close of plaintiff's evidence and renewed at the close of all the evidence.

2. The court erred in the admission of incompetent, hearsay evidence, highly prejudicial to defendant, and objected to by defendant.

3. The court erred in refusing to withdraw from the consideration of the jury, certain allegations of the amended petition, motion for such withdrawal having been made by defendant before the case went to the jury.

4. The court erred in refusing to permit counsel for defendant to refer to the allegations of the amended petition, in the argument.

5. The court erred in his charge to the jury.

6. The verdict is contrary to law and against the manifest weight of all the evidence.

7. The verdict of the jury is not supported by the evidence but is manifestly the result of passion and prejudice.

These assignments will be discussed in the order

mentioned, except that assignments 6 and 7 will be discussed together.

■ An inspection of the record in this case discloses that it is admitted by both parties that the defendant, preceding and at the time of the collision of the locomotive operated by it, and the automobile in which plaintiff's decedent was driving, was operating the locomotive backward and to the south on its northbound main track, to and over Columbia street in the city of Marion; that at the same time plaintiff's decedent was operating his automobile in an easterly direction on Columbia street and on and over the railroad crossing on such street, and was killed as a result of the locomotive colliding with the automobile on the railroad street crossing; and that the collision occurred in the night season. The record discloses further substantial credible evidence that the locomotive, at and preceding the collision, was being operated without the whistle thereof being blown or the bell thereof being rung, and without a lighted headlight casting its rays of light in the direction in which it was being operated backward, as required by statute. That evidence was sufficient to require the submission to the jury, of defendant's negligence as charged in the amended petition.

The record discloses further substantial credible evidence to the effect that plaintiff's decedent, before attempting to cross the railroad crossing, slackened the speed of his automobile which was going at a speed of about 15 miles an hour, and he and the other occupant of his automobile looked in both directions along the railroad tracks for approaching trains and neither saw nor heard any nor saw any light on any locomotive.

As the collision occurred in the night season when visibility is less than in daytime, the facts above men-

tioned required the submission to the jury of the question as to whether plaintiff's decedent was contributorily negligent in failing to see or hear the approach of the locomotive and stop his automobile in time to avoid injury.

"One looking for the approach of a locomotive in the nighttime naturally expects to see a headlight, and, if he looks both ways, at a time when looking will be effective, and sees none, he may well infer that no train is approaching." *New York, Chicago & St. Louis Rd. Co.* v. *Van Dorp,* 36 Ohio App., 530, at page 533, 173 N. E., 445.

There being substantial credible evidence tending to prove negligence on the part of the defendant, as charged in the amended petition, directly and proximately causing plaintiff's decedent's injuries and resulting death, and substantial credible evidence from which the jury might properly infer that plaintiff's decedent was not contributorily negligent in failing to see or hear the approach of the locomotive and stop his automobile in time to avoid injury, the court did not err in refusing to direct a verdict in favor of the defendant.

■ Under this assignment the defendant contends the court erred in admitting, over defendant's objection, the following testimony of the administrator who was also the father of the decedent and one of the persons for whose benefit the action was brought, to wit:

"Was there any arrangment made with Franklin (the decedent) with reference to the maintenance of a home for you and Mrs. Huntsman? A. He said, he would always take care of us regardless of whether he got married, or didn't."

That testimony of a conversation not in the presence of the defendant, was hearsay and self-serving, and

the court erred in admitting the same. *Cheeseman, Admr., v. Kyle,* 15 Ohio St., 15; *Watts v. Shewell,* 31 Ohio St., 331; *In re Estate of Ruhl,* 36 Ohio Law Abs., 250, 43 N. E. (2d), 760; *Beck* v. *Gage,* 21 C. C. (N. S.), 160, 34 C. D., 771; judgment affirmed, *Gage, Admr.,* v. *Beck,* 76 Ohio St., 575, 81 N. E., 1186.

However, the amount of the verdict in this case is amply supported by other evidence, so the admission of that testimony does not appear to have prejudiced the jury, and the court is not justified in reversing the judgment for this error.

■ The court did not err in refusing to withdraw from the consideration of the jury an allegation of the amended petition that the statutory whistling signal was not given, as the testimony of the other occupant of decedent's automobile, and the two occupants of the automobile which preceded decedent's automobile over the railroad crossing, the safety of each of whom depended upon their hearing the whistle, if blown, and all of whom were in easy hearing distance of the whistle, if blown, that they did not hear it, was sufficient to require the submission of this allegation to the jury notwithstanding the testimony of witnesses on behalf of the defendant that the whistle had been blown.

■ Before the submission of the case to the jury certain allegations in the amended petition, of various acts of negligence by the defendant were, at the instance of the defendant and with the consent of the plaintiff, withdrawn from the consideration of the jury.

Following the opening argument of plaintiff's counsel to the jury, counsel for defendant made the following statement to the jury: "In the amended petition they charge there was heavy traffic up and down the street, and that will be withdrawn from the jury; and,

they charge no crossing watchman or gates, and that will be withdrawn from your consideration.'' Counsel for plaintiff objected to that statement and asked the court to have counsel for defendant confine themselves to the issues. The court then directed counsel for defendant to proceed with their argument, except that they proceed upon the basis of the amended petition as it now stands.

Counsel for defendant contend that they expected to argue to the jury that as there was no basis for the allegations withdrawn from the consideration of the jury, the same taint applied to the allegations of negligence submitted to the jury, but there is nothing in the record to show what they intended to argue, based on the statement objected to. In this situation, it does not appear that the court·erred in directing counsel to confine their argument to the allegations of the amended petition as it stood after the allegations above referred to were withdrawn, as from the statement objected to, the court might properly assume that counsel for defendant intended to argue the merits of the issues which had been withdrawn from the jury.

■ Under this assignment, the defendant contends the court erred in the following portions of its charge to the jury:

(a) ''Now, ladies and gentlemen of the jury, failure on the part of the railroad company to exercise ordinary care to keep such lights burning as required by the statute just read to you, if that failure should be the direct and proximate cause of the injury herein complained of, would be negligence on the part of the defendant railroad company.''

(b) ''Ordinary prudence requires that a person in the full enjoyment of the faculties of hearing and seeing, before attempting to pass over a known railroad

·crossing, shall use them for the purpose of discovering and avoiding danger from an approaching train, or ·engine, and the omission to do so, without any reasonable excuse therefor, is negligence and will defeat an action by such person for an injury to which such negligence directly contributed. But the failure to use such precaution will not be regarded as negligence on the part of such person if under all the circumstances ·of the case a person of ordinary care and prudence would be justified in omitting to use the same."

(c) "A person who fails to look and listen if approaching a known railroad track cannot recover unless there was a 'reasonable excuse' for his failure to take such precaution."

The defendant contends that, in that part of the charge above designated as (a), the court in effect instructed the jury that if the headlight was not burning, that would be negligence as a matter of law, and that that was erroneous, under the decision of the Supreme Court in the case of *Ann Arbor Rd. Co.* v. *Stoianoff*, 89 Ohio St., 440, 106 N. E., 1045, in which it is held that the question of whether the railroad company is negligent in not having its headlight burning, is one for the jury to determine from all the evidence in the case, and is not one that can be determined as a matter of law.

The case mentioned was decided before the Supreme Court began to apply consistently, the fixed and rigid rule of negligence *per se* to the non-compliance with the provisions of safety statutes, so the decision mentioned is not in conformity to the more modern line of decisions on the same subject, and is contrary to the law as established at this time.

However, irrespective of whether the decision mentioned is the law on the subject at the present time, an inspection of that part of the charge discloses that it

simply charges the rule of ordinary care in respect to the headlight, and did not charge that the failure to have the headlight burning was negligence *per se,* and the instruction was not erroneous.

The defendant contends that the portions of the charge above mentioned as (b) and (c) were in effect a charge that: ''The evidence in this case is such that you may find that plaintiff's decedent was relieved of the duty to look and listen for the approaching train,'' and that there is not a scintilla of evidence to support this unwarranted instruction, or such finding.

The first sentence of the instruction above designated as (b) is taken verbatim from the first paragraph of the syllabus in the case of *Pennsylvania Co.* v. *Rathgeb,* 32 Ohio St., 66, and the portion of the charge designated as (c) is based on the decisions in the above cases.

The directions designated as (b) and (c) are correct statements of the law, but are applicable only to cases in which there is evidence tending to prove a state of facts which, if found by the jury to be true, would constitute a reasonable excuse for such person omitting to exercise his faculties of seeing and hearing for the purpose mentioned. Typical examples of such states of fact is one showing a railroad crossing over the street or highway is guarded by gates in charge of a gateman employed by the railroad company, and the gateman is present and the gates are open, indicating a clear track and safe crossing. (*Cleveland, C., C. & I. Ry. Co.* v. *Schneider,* 45 Ohio St., 678, 17 N. E., 321) ; or one showing that the person approaching the crossing is a guest in the vehicle approaching the same, and is not the driver, in which the question of whether such person was negligent in not looking or listening is a question for the jury.

In the case at bar there is no evidence of any facts or circumstances constituting a reasonable excuse for plaintiff's decedent in not looking and listening during his approach to and crossing over the railroad crossing.

The natural tendency of the charge as given was to mislead the jury in believing that they could find, upon the facts before them, that plaintiff's decedent exercised ordinary care and prudence if he omitted to either look or listen, which is not a correct statement of the law as applied to the facts of the case. To constitute a correct statement of law, as applied to the facts of the case, the clause "without any reasonable excuse therefor" should have been omitted from the first sentence of the instruction designated as (b), and the second sentence of this instruction should also have been omitted. And the clause "unless there was a 'reasonable excuse' for his failure to take such precaution" should have been omitted from the instruction designated as (c).

This error in the charge requires reversal of the judgment.

■■ There is substantial credible evidence to support the verdict and judgment, and the verdict and judgment are not against the weight of the evidence, and it does not appear from the record that they were the result of passion or prejudice.

For the error in the charge, above mentioned, the judgment will be reversed and the cause remanded to the Common Pleas Court for a new trial and further proceedings according to law.

*Judgment reversed.*

JACKSON, P. J., and MIDDLETON, J., concur.