PATTERSON, APPELLEE, *v.* GERSHOW'S SUPER MARKETS, INC., APPELLANT.

(No. 2487—Decided March 20, 1959.)

*Messrs. Jenkins, Williams, Wendt, Murray & Deeg,* for appellee.

*Messrs. Altick & McDaniel,* for appellant.

KERNS, J.  This is an appeal on questions of law from a judgment of the Common Pleas Court of Montgomery County.

The action was commenced by George W. Patterson to recover damages from Gershow's Super Markets, Inc., for personal injuries alleged to have been sustained by plaintiff, appelleee herein, as the result of negligence of the defendant, appellant herein, in furnishing the plaintiff a defective stepladder.

A jury was waived and the matter was tried to the court.

On November 9, 1957, the trial court made a pronouncement in favor of the plaintiff, and damages were assessed in the amount of $1,200. Thereafter, but prior to judgment, the trial court, upon request of counsel, made separate findings of fact and conclusions of law which were made a part of the judgment entry in favor of plaintiff in the sum of $2,800.

After judgment, motions for judgment and for new trial were filed by defendant and were overruled.

The defendant has, therefore, instituted this appeal and sets forth the following assignments of error:

1. In granting judgment to plaintiff in the sum of $2,800 when the court had previously assessed plaintiff's damages in the amount of $1,200.

2. In granting judgment to plaintiff in that plaintiff failed to sustain the burden of proof as to the allegations of negligence made against defendant in the amended petition.

3. The judgment granted to plaintiff and against defendant is contrary to law in that upon the evidence the plaintiff assumed the risk of his own injury.

4. The judgment granted to plaintiff and against defendant is contrary to law in that upon the evidence the plaintiff was negligent as a matter of law in a manner directly and proximately causing his own injury and damage.

5. In overruling defendant's motion for judgment.

For the sake of clarity, the assignments of error will be treated separately.

In the first assignment, the defendant complains of the trial court's action in increasing the award of damage to the plaintiff from $1,200, as set forth in the court's pronouncement, to $2,800, the amount for which judgment was rendered.

Section 2323.22, Revised Code, requires that all judgments and orders must be entered on the journal of the court, and the rule of law is well established that a court speaks through its journal.

The rule is set forth as follows in the case of *Andrews* v. *Board of Liquor Control*, 164 Ohio St., 275, 131 N. E. (2d), 390: "3. It is an invariable rule that a court speaks only through its journal, and where its opinion and its journal are in conflict the latter controls and the former must be disregarded."

See, also, *Will* v. *McCoy*, 135 Ohio St., 241, 20 N. E. (2d), 371; *Boyle, Treas.*, v. *Public Adjustment & Construction Co.*, 87 Ohio App., 264, 93 N. E. (2d), 795.

In *State, ex rel. Curran,* v. *Brookes et al., Board of Trustees of Police Relief Fund*, 142 Ohio St., 107, 50 N. E. (2d), 995, the court held that a "decision is rendered" within the meaning of Section 11578, General Code (now Section 2321.19, Revised Code), when there is filed with the clerk for journalization a finding which determines the issues submitted.

We need not speculate on reasons for any variance between the pronouncement and the judgment entry because the pronouncement, not having been journalized, is without force or effect. (See *In re Estate of Ruhl*, 36 Ohio Law Abs., 250, 43 N. E. [2d], 760.) The judgment entry must therefore control.

The defendant, in the second assignment of error, claims that the plaintiff failed to sustain the burden of proof as to the allegations of negligence made against defendant in the amended petition. This assignment is predicated on the finding of the trial court that the ladder was "wobbly and capable of twisting," whereas the amended petition of plaintiff alleges that "the metal braces in said ladder gave way because of loose pins and the ladder separated."

Although there may be in fact a variance between the pleadings and the proof, the important question is whether the variance is material or immaterial. 31 Ohio Jurisprudence, 971, Section 356. There is evidence in the record tending to show that the stepladder did have loose pins. At various times the pins were described by witnesses as "loose," "worn" and "having play." The trial court could reasonably infer that a ladder with loose pins might wobble or be capable of twisting; and by the same reasoning, and from common experience, the court could infer that a ladder capable of twisting and wobbling might have loose pins. In either event, the ladder was defective, and that is the real basis of the controversy. In deciding ques-

tions of fact the court is not in such a vacuum that it cannot infer certain ultimate facts from other facts proved by the evidence submitted during the course of the trial. The amended petition alleges specifically that the ladder was defective, there is evidence in the record to support this allegation, and the trial court found as a conclusion of fact that the ladder was defective.

We must, therefore, conclude that there is no variance between the allegations in the pleadings and the proof, which could have misled defendant to its prejudice in maintaining its defense upon the merits.

With regard to the distinction made by plaintiff between latent and obvious defects, reference is made to the trial court's findings that, when the plaintiff reached the second step from the top, the ladder did become wobbly and twisted, causing the plaintiff to lose his balance and to fall from the ladder; and that the plaintiff had no knowledge of the wobbly condition of the ladder or of its capability of twisting. These findings are not inconsistent with the evidence presented at the trial, and, the trial court having thus found that the condition of the ladder was not obvious to the plaintiff, we are not disposed, in the absence of anything in the record to the contrary, to disturb such findings.

In the third assignment of error, the defendant sets forth that the judgment is contrary to law in that the plaintiff assumed the risk of his own injury.

The question of assumption of risk is ordinarily to be determined by the jury. 29 Ohio Jurisprudence, 742, Section 206. In this case the trial court performed the function of the jury and found in its findings of fact that the plaintiff had no knowledge of the wobbly condition of the ladder or of its capability of twisting. We have compared many cases where courts have found as a matter of law that a person's own conduct was the proximate cause of his injury, but those cases involved facts and circumstances where minds could not differ as to the assumption of risk. They are readily distinguishable from the case before us because there is nothing in the record here to indicate that plaintiff was aware of the danger involved in ascending the ladder. On the contrary, the trial court found that

plaintiff was not aware of any risk. The defense of assumed risk is an affirmative defense (29 Ohio Jurisprudence, 671, Section 175), and the burden of proving that plaintiff assumed the risk was upon defendant. In the absence of evidence to sustain that burden, we are disinclined to substitute our judgment for that of the trial court.

The fourth assignment of error is based upon the contention that the judgment is contrary to law in that upon the evidence the plaintiff was negligent as a matter of law in a manner directly and proximately causing his own injury and damage.

The trial court found in its findings of fact that the plaintiff ascended the ladder, which was owned by the defendant and kept by it in its stock room, for the purpose of obtaining the goods to be specially displayed; that, when the plaintiff reached the second step from the top, the ladder did become wobbly and twisted, causing the plaintiff to lose his balance and to fall from the ladder; that the plaintiff had no knowledge of the wobbly condition of the ladder or of its capability of twisting; and that the plaintiff, because of the ladder being placed in the stock room, had the right to use the ladder for the purpose for which he was using it, and had the right to assume it was in a safe condition for such use.

We have read the bill of exceptions with a view to noting any fatal inconsistency between these conclusions of the trial court and the testimony presented at the trial. No such inconsistency has been noted.

An ordinary stepladder is not an inherently dangerous instrumentality, and there is no showing that the plaintiff did not use the care which might be reasonably commensurate with the risk involved in ascending and using an ordinary ladder.

This court in considering this assignment of error, in light of the conclusions of fact by the trial court, cannot find that the plaintiff was guilty of contributory negligence as a matter of law.

In the fifth assignment of error, defendant claims the court erred in overruling the motion for judgment. By such motion defendant raised the same questions that were raised on appeal, to wit, failure of proof, assumption of risk, and contributory

6

negligence. As hereinbefore stated, we find no evidence in the record to support the contentions of defendant, and the motion was therefore properly overruled.

The judgment is, therefore, affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and CRAWFORD, J., concur.