MENTAL HEALTH
Abstracters and abstract companies are "persons having a legitimate interest" in the records required to be kept by Senate Bill No. 240 of the First Regular Session of the Thirty-sixth Oklahoma Legislature (1977). The Attorney General has received your request for an opinion wherein you ask, in effect, the following question: Are abstract companies in the State of Oklahoma persons having a "legitimate interest" in those records protected by Senate Bill No. 240 of the first regular session of the Thirty-sixth Oklahoma Legislature? Senate Bill 240 amends 43A O.S. 3 [43A-3], 43A O.S. 54 [43A-54], 43A O.S. 55 [43A-55] [43A-55], 43A O.S. 64 [43A-64] and 43A O.S. 91 [43A-91] [43A-91] — 43A O.S. 93 [43A-93] (1971) (43A O.S. 54 [43A-54] [43A-54] and 43A O.S. 55 [43A-55] (1976)). Section 1 of the Bill sets out the public policy of the State of Oklahoma and provides as follows: "The Oklahoma Legislature hereby declares that the public policy of this State is to assure adequate treatment of persons alleged to be in need of mental treatment, to establish behavioral standards of dangerousness for determination of persons in need of mental treatment, to allow for the use of the least restrictive alternative in the determination of the method of treatment, to provide orderly and reliable procedures for commitment of persons alleged to be in need of treatment consistent with due process of law, and to protect the rights of patients hospitalized pursuant to law." Section 2(p) of Senate Bill 240 provides: " (p) 'Mentally incompetent person' means any person afflicted with mental disease to such an extent that he is incapable of managing himself and his affairs and who has been so adjudicated; . . ." Section 2 (s) provides: "(s) 'Person requiring treatment' means either: " (1) A person who has a demonstrable mental illness and who as a result of that mental illness can be expected within the near future to intentionally or unintentionally seriously and physically injure himself or another person; or "(2) A person who has a demonstrable mental illness and who as a result of that mental illness is unable to attend to those of his basic physical needs such as food, clothing or shelter that must be attended to in order for him to avoid serious harm in the near future and who has demonstrated such inability by failing to attend to those basic physical needs in the recent past ; . . ." The provision of Senate Bill No. 240 which gives rise to your question is found at Section 4(H) wherein it is provided: "H. The court shall make and keep records of all cases brought before it. Such records shall be open to public inspection only by order of the court to persons having a legitimate interest therein." Section 6 of Senate Bill No. 240 amends 43A O.S. 64 [43A-64] (1971) to read as follows: "No person admitted to any medical facility under a court order for treatment shall be considered or presumed to be mentally or legally incompetent except those persons who have been determined to be mentally or legally incompetent in separate and independent proceedings of an appropriate district court." An abstracter has the duty to determine whether there are defects in the chain of title sufficient to affect the marketabilitY of title to real estate. One such defect could be the lack of capacity to convey title. Title 15 O.S. 24 [15-24] (1971) provides in part as follows: "After his incapacity has been judicially determined, a person of unsound mind can make no conveyance or other contract, nor designate any power, nor waive any right, until his restoration to capacity is judicially determined. . ." A plain reading of the provisions of Senate Bill 240 reveals that the Legislature did not provide that the records contemplated by the Act be kept completely confidential. The Legislature recognized that there are persons with a legitimate interest in such records. It would be difficult indeed to conclude that an abstracter or an abstract company does not possess such an interest. Title 1 O.S. 1 [1-1] (1971) makes it unlawful for persons to hold themselves out as abstracters without first posting a bond with the County Clerk. 1 O.S. 1 [1-1] also provides that said bond be conditioned that the abstracter will properly demean himself and will pay all damages that may accrue to any person by reason of any incompleteness, imperfections or error in any abstract furnished by him. After an abstracter's bond has been filed and approved the County Clerk must issue a certificate of authority to an abstracter to make abstracts. Section 2 further provides in pertinent part: "* * * After such certificate shall have been issued, a person, firm or corporation holding the same during the continuance of such certificate, shall have free access to the county records of the several county offices, for the purpose of the prosecution of their said business of abstracting, and the compiling, posting and keeping up of their abstract books necessary for the proper conduct of their said business under the direct supervision of the county officers having the legal custody of said records; and while handling and using said county records for any of the purposes of this chapter, the said abstracters, and their officers, agents or employees, shall be under the same obligation to protect and preserve said records as the several county officers who had the legal custody of same, and subject to the same penalties for a violation of such duty as said officers." (Emphasis Added) By virtue of the above section, abstracters are placed under the same duty to protect and preserve records as the legal custodians of the records, and are subject of the same penalties as county officers in relation to the records. In the course of conducting an abstracting business, it is incumbent upon abstracters to search for instruments relating to the legal capacity of persons appearing in the chain of title. Accordingly, abstracters are undoubtedly included in the term "persons having a legitimate interest." It is, therefore, the opinion of the Attorney General that your question be answered in the following manner: Abstracters and abstract companies are "persons having a legitimate interest" in the records required to be kept by Senate Bill No. 240 of the First Regular Session of the Thirty-sixth Oklahoma Legislature (1977). (MICHAEL CAUTHRON)