### No. 894

### MASON TIRE & RUBBER CO. v. LANSINGER

Ohio Supreme Court

No. 17763. Decided June 26, 1923

To Appear in —— Ohio State Reports

**172. EVIDENCE.**

Interrogatories are limited to particular questions of fact, and those calling for conclusions of fact or of mixed fact and law are unauthorized. (For official Syllabus, see below.)

WANAMAKER, J.

Epitomized Opinion

Lansinger sued Rubber Co. in Portage Common Pleas for injuries received from an explosion in the Rubber Co. building while he was operating a fire apparatus nearby. He alleged that the Co. was negligent in failing to warn him of the presence of the explosive substance. At the trial the Co. requested the court to instruct the jury, if they rendered a general verdict, to find upon each of the following particular questions of fact and to direct a written finding thereon. 1. After the arrival of the fireman on defendant's premises at the time and place in question, were reasonable warnings given by defendants, its officers, or employes to those around or near the benzol tank building, of the danger from benzol tank? 2. If so, did the plaintiff hear such warning? 3. Was a warning given to move the Kent fire truck from its position near the benzol tank building? 4. If so, how far was the Kent fire truck moved? The trial court refused to make these requests. The Co. excepted. The court's refusal is assigned as error. In affirming the judgment of the Common Pleas and Court of Appeals for Lansinger, the Supreme Court held; in official syllabus, 27 Abs. 499:

1. "Under Sec. 11463 GC., the interrogatories are limited to the particular questions of fact."

2. "An interrogatory sought to be submitted under that section, requesting the jury to find as to reasonable warning, reasonable signals, or reasonable care and the like, calls for conclusions of fact, or conclusions of mixed fact and law, and is not authorized by that statute. Brier Hill Steel, 93 OS. 300 approved and followed.

JONES, J., dissenting:

1. "The majority opinion seems to me to be a labored one, its reasoning specious, and its conclusion faulty. Can it be possible that any one, whether lawyer or layman, could misunderstand the controlling effect that an affirmative answer to in-terrogatory 1 would have upon the case? The interrogatory seeks an answer to a controlling and ultimate fact and not one which is evidential. Had the question been one which required the jury to answer merely whether warnings had been given, the interrogatory might be open to criticism, but here the interrogatory sought to obtain the jury's conclusion as to whether reasonable warnings had been given of the danger of the benzol tank. More than any other case reported in the books this judgment demolishes the statute relating to special interrogatories."

Attorneys—S. H. Tolles, Cleveland, O. C. Clement, Kent, H. R. Loomis, Ravenna, and Waters, Andress, Southworth, Wise & Maxon, Akron, for Mason Co.; B. C. Cook, for Lansinger.