The Norwalk Truck Line Co., Appellee, *v.* The Wheeling & Lake Erie Ry. Co., Appellant.

(No. 428—Decided November 5, 1945.)

*Mr. Alexander L. Hyzer,* for appellee.
*Messrs. Young & Young,* for appellant.

Carpenter, J. About 2:45 a. m., on September 9, 1943, a truck outfit of plaintiff, The Norwalk Truck Line Company, consisting of a tractor and large enclosed semi-trailer loaded with a cargo for Detroit, was being driven for that company west on State street through Fremont. At the grade crossing of the defendant, The Wheeling & Lake Erie Railway Company, which is a few yards west of the bridge over the Sandusky river, the locomotive of a southbound train collided with the rear half of the trailer and damaged it and its cargo.

In this action for damages, the verdict and judgment were for the plaintiff, from which this appeal was taken on questions of law. The only errors on which

the defendant now relies are the overruling of its motions for a directed verdict, and for judgment notwithstanding the verdict, and errors in the charge to the jury in relation to the effect of the rules of the Public Utilities Commission of Ohio and the Interstate Commerce Commission which were in evidence.

The two tracks of the railroad approach the crossing along and near the west bank of the river. To a driver approaching the crossing from the east, the view of the railroad is unobstructed for about 200 feet except by a gateman's small tower near the east track on the defendant's right of way and a coal dealer's office which is about 26 feet wide and about 27 feet long and 61 feet from the east track and 60 feet north of the street. The bridge over the river is arched and from its center nearly to the crossing it is somewhat downgrade, but the evidence does not show what per cent or the length of decline.

At the crossing, gates were supposed to be operated 24 hours a day, but it is undisputed that they were not down when that train approached, although the evidence shows the gateman was there immediately after the collision. The truck driver had been driving this route every day for three years and was familiar with the locale, and knew the gates were operated at all times. He testified that he looked to the north as he approached on the bridge but did not see the train, but did see the gates were up and proceeded toward the crossing and when he had passed the tower and the tractor was at the first tracks he saw the headlight of the locomotive on the main or westerly track and, as he could not stop, he increased his speed to get across. There was substantial evidence that no signal by bell or whistle was sounded by the locomotive.

That there was evidence of negligence on the part of the defendant is undisputed, but its contention is

that the plaintiff's driver was guilty of contributory negligence as a matter of law which barred its recovery. It relies upon the principle announced in *D., T. & I. Rd. Co.* v. *Rohrs,* 114 Ohio St., 493, 151 N. E., 714, to the effect that it was the driver's duty to look where his looking would be effective and he can not be heard to say he looked and did not see when had he looked he must have seen. In that case, the element of crossing gates was not present.

The plaintiff relies upon *Cleveland, C., C. & I. Ry. Co.* v. *Schneider,* 45 Ohio St., 678, 17 N. E., 321, paragraph three of the syllabus. The court in *Lohrey* v. *B. & O. Rd. Co.,* 131 Ohio St., 386, 3 N. E. (2d), 54, citing the *Schneider case,* recognizes that a driver "approaching a railroad crossing where safety gates are maintained is entitled to place some reliance upon the indication of safety which the upright gates imply."

In that case the driver raced across after he saw the gates descending and because of that conduct recovery was denied to him, but the court cited the *Schneider case* and said in the syllabus that a driver on a highway "is entitled to place some reliance upon the indication of safety which the upright gates imply."

From these decisions it would seem that the law of Ohio is well expressed in 44 American Jurisprudence, 818, Railroads, Section 564, where it says:

"By the weight of authority, however, while the fact that the gates are open is an implied invitation to cross, and an assurance of safety from the danger of any passing train, upon which a traveler may, to a certain extent, rely, this fact will not relieve him from the duty of exercising due care, although he is not required to exercise the same vigilance as he would be at a crossing where gates had not been erected and maintained. Whether the traveler exercised the care necessary under the circumstances is for the jury, unless the

evidence conclusively shows that he rashly stepped in front of the moving train, or that if he had used his senses he would have avoided injury.''

Upon the evidence in this case, a jury question was presented whether the driver of the plaintiff's truck was guilty of contributory negligence, and that issue was properly presented to the jury.

The rules of the Interstate Commerce Commission and of the Public Utilities Commission of Ohio defining the duties of drivers of carriers licensed by them, were placed in evidence and referring to them the court said in its charge to the jury:

''These rules apply to all crossings; they are not definite and specific, the violation of them is not negligence in and of itself, but you will consider them with all other evidence to determine whether or not the driver of this truck was exercising ordinary care in view of all the circumstances at that time.''

The defendant contends that this was error, in that violation of such rules is negligence *per se*. The charge as given conforms to the rule announced in *Matz* v. *Curtis Cartage Co.*, 132 Ohio St., 271, 7 N. E. (2d), 220, particularly paragraph 10 of the syllabus:

''A violation of a safety regulation adopted by the Public Utilities Commission pursuant to authority conferred by Section 614-86, General Code, does not constitute negligence *per se*; but such a regulation is admissible in evidence as bearing on the question of the want of ordinary care.''

Finding no prejudicial error in the record, the judgment is affirmed.

*Judgment affirmed.*

STUART and CONN, JJ., concur.