Turner, J.
 

 A court speaks only'through its journal. Therefore, when a court’s opinion and journal are in conflict the latter controls.
 
 Will
 
 v.
 
 McCoy,
 
 135 Ohio St., 241, 20 N. E. (2d), 371. See, also,
 
 Squire, Supt. of Banks, v. Guardian Trust Co.,
 
 144 Ohio St., 266, 58 N. E. (2d), 651.
 

 In the opinion of the Court of Appeals it is stated that the interrogatories of the plaintiff were improperly submitted. However, the journal entry of the Court of Appeals limits its reversal as follows:
 

 “The court erred in refusing to require the jury to properly answer interrogatories 2 and 3 submitted by the appellant [defendant].”
 

 The journal entry does not contain the usual recital to the effect that there were no other errors apparent upon the record. However, the final paragraph of the court’s opinion contains the following statement: “Examination has been made of other claimed errors, and we find none of them of a prejudicial nature. ’ ’ •
 

 The record does not di’selose any application to the Court of Appeals to enlarge its journal entry so as to pass upon plaintiff’s interrogatories.
 

 In Section 12223-21, General Code, it is provided that in every case where a judgment is reversed and remanded for neAV trial, in its mandate to the court beloAv the reviewing court shall state the error or errors found in the record upon which the judgment of reversal is founded. '
 

 Section 12223-39, General Code, provides:
 

 “The court of appeals .or common pleas court so reversing a judgment, upon the request of either party,
 
 *366
 
 shall specify in writing the ground or grounds of such reversal, which shall be filed and kept with the papers in the case.”
 

 In the assignment of errors filed in the Court of Appeals by defendant is the following:
 

 “2. The trial court committed error in submitting plaintiff’s interrogatory to the jury and in his instructions upon the interrogatories submitted by the defendant. ’ ’
 

 Inasmuch as we are of the opinion that the Court of Appeals erred in reversing upon the grounds stated in its journal entry, we find it expedient to pass upon the correctness of plaintiff’s interrogatories, thus avoiding a useless remand of the case to the Court of Appeals.
 

 The parties here have argued fully and the Court of Appeals in its opinion has discussed and expressed its opinion in respect of the interrogatories submitted by plaintiff.
 

 In the case of
 
 Clark
 
 v.
 
 Stewart,
 
 126 Ohio St., 263, 185 N. E., 71, it was held in paragraph eight of the syllabus:
 

 “In a proceeding in this court, whereby it is sought to reverse the judgment of the Court of Appeals on specific assignments of error, defendant in error having brought into the record other prejudicial errors, has a right to present and urge them to the extent that although this court may find that the Court of Appeals erred in a certain particular in reversing the trial court, it was correct in its judgment because of the fact that the record on its face revealed other reversible error.”
 

 In the case of
 
 Ardrey et al., Exrs.,
 
 v.
 
 Shell,
 
 77 Ohio St., 218, 82 N. E., 1075, Judge Spear said at page 233:
 

 “In this connection it may be added that the cross-petition in error of the defendant in error in this case
 
 *367
 
 was needless. Where a defendant in error desires a reversal in part of the judgment of the circuit court, that is, a modification of it, a cross-petition in error is' proper; but where the defendant in error simply wishes to urge grounds for the reversal of the. trial court other than those upon which the judgment of reversal by the circuit court was placed, a cross-petition in error is wholly unnecessary.”
 

 In the case of
 
 Rheinheimer
 
 v.
 
 Aetna Life Insurance Co.,
 
 77 Ohio St., 360, 83 N. E., 491, 15 L. R. A. (N. S.), 245, Judge Price said at page 373:
 

 “But counsel for the defendant in error say they filed a cross-petition in error, pointing out other grounds of error, for which the circuit court should have reversed the judgment of the common pleas. That was an unnecessary proceeding, as often ruled by this court, and at an early stage of the case in this court, and on motion of the plaintiff in error, the cross-petition in error was stricken from the files. It has long been a rule of practice here, that if there are other errors in the record brought here from the circuit court, for which that court should have reversed, they may be pointed out, and this court is not necessarily confined to those found by that court.”
 

 In the ease of
 
 Damascus Mfg. Co.
 
 v.
 
 Union Trust Co.,
 
 119 Ohio St., 439, 164 N. E., 530, Judge Robinson said at page 452, after saying that the cross-petition would be dismissed because it was not filed in time:
 

 ‘ ‘ However, the grounds of reversal there urged by the defendant in error have been considered for the purpose of determining whether the Court of Appeals reached a correct conclusion, but for a wrong reason.”
 

 Section 11420-17, General Code, provides :
 

 “When either party requests it, the court shall instruct the jurors, if they render a general verdict, specially to find upon particular questions of fact, to
 
 *368
 
 be stated in writing, and shall direct a written finding thereon.- The verdict and finding must be entered on the journal and filed with the clerk.”
 

 The purpose of Section 11420-17, General Code, is not to furnish a trap for the jury but to give the parties an opportunity to ascertain whether the jury has understood and applied the law to the proven facts. The interrogatory referred to as No. 2 reads and was answered as follows:
 

 “In what respect or respects,
 
 if any, do you find by the greater weight of the evidence that the defendant, Akron Transportation Company, on the occasion in question failed to exercise that degree of care which an ordinarily reasonable and prudent person would have exercised under the same or similar circumstances?” (Italics ours.)
 

 Answer: ‘ ‘ The bus driver admitted that he did not remember whether he looked to the right and left, after he reached the intersection, and that he failed to stop after he heard the horn.”
 

 We are of the opinion that the foregoing interrogatory, by asking “in what respect or respects,” calls for reference to evidence. Assuming the first part of the interrogatory to have been properly submitted, we are of the opinion that the jurors answered fairly as to the respect in which they found that defendant had failed to exercise due care.
 

 In 53 American Jurisprudence, 741, Section 1070, it is said:
 

 ‘ ‘ Special interrogatories should be so clear and concise as to be readily understood by the jury, and when practicable each question should be so framed as to call for a simple and categorical answer.”
 

 2 Thompson on Trials (2 Ed.),-1955, Section 2681, quotes with approval that special . interrogatories should be “ ‘so framed as severally to present dis
 
 *369
 
 tinctly to the mind of the jury, a single material fact involved in the issue.’ A party has no right to make the court his mouth-piece in submitting questions.”
 

 In the case of
 
 Jewell
 
 v.
 
 Chicago, St. Paul
 
 &
 
 Minneapolis Ry. Co.,
 
 54 Wis., 610, 12 N. W., 83, 41 Am. Rep., 63, it was held:
 

 “Each question submitted to a jury for a special verdict should be limited to a single, direct and controverted issue of fact, and should be so stated that the answer will necessarily be positive, direct and intelligible.”
 

 As to that part of the answer referring to the failure of the bus driver to stop after he had heard the horn the Court of Appeals in its opinion said: “And from this answer the court, as a matter of law, could conclude that the defendant was negligent in that respect, if such allegation of'negligence had been made in the petition. ’ ’
 

 We are of the opinion that the following specifications of negligence to be found in the petition were sufficient for such purpose, to wit:
 

 “D. In entering said intersection and commencing to make a left turn on North Howard street without making sure that said movement could be made in safety;
 

 “E. In entering said intersection to make a left turn on North Howard street, when the bus driver saw, or should have seen, the plaintiff immediately to the south; * * *
 
 f
 

 “G. In operating said bus in such a manner as to endanger the life, limb and property of other persons in the lawful use of said highway and of this plaintiff in particular.”
 

 The interrogatory of defendant referred to as interrogatory No. 3 and the jury’s answer thereto read as follows: '
 

 
 *370
 
 “What act or acts of either the plaintiff, Paul Elio, or the defendant, Akron Transportation Company, or both, do you find by the greater weight of the evidence to. have been the cause or causes which directly produced the collision and without which it would not have occurred?”
 

 Answer: “Failure'of the bus driver to use good judgment in yielding the right of way.”
 

 The Court of Appeals criticized the term “good judgment” in the answer to the third interrogatory saying: “The question of judgment was not involved.” We do not agree. In his charge to the jury the trial judge said:
 
 ‘
 
 ‘ The first term to be defined is the term ‘ordinary care.’ By ordinary care is meant that degree of care which persons of ordinary carefulness and prudence are accustomed to use under like or similar circumstances * * In the second interrogatory defendant used the term “prudent person.” The Century Dictionary defines “prudence” as “good judgment.” Under synonyms, in the definition of “prudence,” Webster’s New International Dictionary uses the quotation “a sane and temperate judgment.”
 

 In other words, the answer of the jury may be construed to read that the bus driver did not act prudently under the circumstance, that is, that the- proximate cause of the injury was the failure of the bus driver to yield the right of way.
 

 Nicety in the use of terms is not required of the jury in answering interrogatories so long as the court is able to gather the intent of the jury from its answer.
 

 Where the answer given may be construed as an answer to the interrogatory it is the duty of the court to accept the same. Such answer should be liberally construed with a view to ascertaining the jury’s reason for its verdict. Neither the court nor counsel may put words into the mouths of the jury. We are of the
 
 *371
 
 opinion that the answer to interrogatory No. 3 is not inconsistent with the answer given to interrogatory No. 2. We do not consider either of snch answers as evasive or unresponsive. Interrogatory No. 2 seeks to ascertain the
 
 manner
 
 in which the defendant failed to exercise due care while interrogatory No. 3 seeks to ascertain the proximate cause of plaintiff’s injury. Criticism as to the form of both of these interrogatories might well be made but that question is not before us.
 

 That a trial court may require the jury to answer proper interrogatories is clear but the trial court may not tell the jury how to answer.
 

 In 64 Corpus Juris, 1184., Section 972, it is said:
 

 “In some instances issues, questions or interrogatories may be resubmitted and the jury sent out again under apt instructions to remedy or correct defects or errors in their original answers, findings or verdict, as where the special verdict is informal, the jury have not answered certain questions or interrogatories, or they have given answers which are insufficient, incomplete, improper, irregular, evasive, unresponsive, indefinite, uncertain, contradictory, or not sufficiently clear, or show a misconception of the questions. However, the authority to adopt this procedure is very limited; it should not be adopted where there is no reason therefor; and the jury should not be allowed or required to reverse its findings on vital issues of fact depending on the evidence. In some cases a reconsideration of the answer to one issue may necessitate the reconsideration of the answer to another issue.”
 

 In Sectipn 974, page 1185,
 
 ibid.,
 
 it is said:
 

 “A special verdict, finding or answer is to be construed liberally with a view of ascertaining the intention of the jury. Substance, rather than form, is to be considered; and the clear, natural and necessary mean
 
 *372
 
 ing of the language used will govern; but where more than one reasonable construction is possible, the trial court may adopt the one it deems proper and most cogent. It must be borne in mind that the jury may employ a term in its common, rather than its technically correct, sense; and the findings should be held to have the meaning that the average juror would understand them to have.”
 

 In 53 American Jurisprudence, 764, Section 1099, it is said:
 

 “But while it is entirely clear that the trial judge may send the jury back to the consultation room for the purpose of correcting their finding as to matters of informality and uncertainty, and where the issue has not been passed upon by them, yet the judge must not even suggest the alteration of a verdict in substance. The action of the judge in the correction of verdicts should be taken with great caution. He must not throw the weight of his influence into the deliberations of the jury as to matters exclusively within their province. ’ ’
 

 Coming now to the interrogatories of the plaintiff and the answers thereto which were as follows:
 

 “1. Do you find that the defendant, The Akron Transportation Company, was negligent in one or more of the respects set forth in the petition?
 

 “2. If so was such negligence the sole proximate cause of the injuries of which plaintiff complains?”
 

 They were answered: “1. Yes. 2. Yes.”
 

 In respect of plaintiff’s interrogatories the Court of Appeals said in its opinion:
 

 “In appraising these requests in the light of the statute and the authorities, we are of the opinion that thejr were improperly submitted, because they'called for conclusions of law and did not call for special findings on particular questions of fact. * * *
 

 
 *373
 
 “The interrogatories, therefore, cannot he considered as ‘testing’ the verdict on either of the issues of negligence or proximate cause,”
 

 The Court of Appeals’ criticism of the plaintiff’s interrogatories was based upon the holding in the
 
 per curiam
 
 opinion in the case of
 
 Brier Hill Steel Co.
 
 v. Ianakis, 93 Ohio St., 300, 112 N. E., 1013. The first interrogatory involved and answer thereto in that case were as follows:
 

 “Was the negligence either of one or both of the cranemen the sole proximate cause of the plaintiff’s accident and injuries ? ” “ No. ”
 

 Of that interrogatory the court there said: “The first interrogatory need not be considered, because the answer thereto is clearly consistent with the general verdict, the jury having found that the injury to Ianakis resulted proximately from the negligence of both defendants.”
 

 The second interrogatory and the answer thereto in that case were as follows:
 

 “Did the plaintiff after climbing the column and coming up between the rails of the two crane tracks, probably throw his left leg across the old crane tracks, and remain sitting or resting there in that position before the accident and until he was injured by the old crane?” “No.”
 

 The last interrogatory considered and the answer thereto in that case were as follows:
 

 “Was the plaintiff negligent in any degree directly and proximately contributing to his accident and injuries?” “Yes.”
 

 Of this interrogatory the court there said at page 303:
 

 “This interrogatory does not call for a special finding upon a
 
 particular question of fact
 
 as contemplated by such statutory provision, but rather for a combined
 
 *374
 
 finding of fact and conclusion of law, which conclusion may or may not be drawn from findings of particular facts returned by the jury, and therefore should not have been submitted by the trial court. Suph instruction and finding as are contemplated by the statute authorizing the submission of interrogatories, are well illustrated by the second interrogatory above stated and its answer. An affirmative answer thereto would undoubtedly have been controlling and would have required a judgment for plaintiff in error. The answer given, not constituting a special finding upon a particular question of fact, was properly disregarded by the trial court, and consequently the action of the court of appeals, affirming the judgment of the court of common pleas entered upon the general verdict, is affirmed. ’ ’
 

 In the case of
 
 Mason Tire & Rubber Co.
 
 v.
 
 Lansinger,
 
 108 Ohio St., 377, 140 N. E., 770, cited by the Court of Appeals, there were involved interrogatories requesting findings upon
 
 reasonable
 
 warnings, etc., and the court there held:
 

 “1. Under Section 11463, G-eneral Code, the interrogatories are limited to the ‘particular questions of fact. ’
 

 “2. An interrogatory sought to be submitted under that section, requesting the jury to find as to ‘reasonable warning,’ reasonable signals, or reasonable care, and the like, calls for conclusions of fact, or conclusions of mixed fact and law, and is not authorized by that statute.
 
 (Brier Hill Steel Co.
 
 v.
 
 Ianakis,
 
 93 Ohio St., 300, 303, 112 N. E., 1013, approved and followed.) ”
 

 Another case cited by the Court of Appeals was that of
 
 Davison
 
 v. Flowers, 123 Ohio St., 89, 174 N. E., 137, in which it was held:
 

 “3. Where more than one specific act of negligence is pleaded and relied on, either of which if proven
 
 *375
 
 would sustain a recovery, under Section 11463, General Code, the defendant is entitled to a request for a finding eliciting from the jury of what particular act or acts of negligence they find the defendant guilty.
 

 “4. Two requests for finding upon particular questions of fact were made by the defendant. (1) Was the defendant negligent? — which the jury answered ‘Yes’ — and (2) ‘If your answer to defendant’s request No. 1 is yes, state of what that negligence consisted.’ In view of the'fact that more than one specific act of negligence was pleaded and relied on, the court committed error in refusing to submit said second request. Such request and the answer thereto relate to a finding upon a particular question of fact which is of an ultimate- and determinative and not of a probative character.”
 

 In the instant case the petition contains seven allegations of negligence. Under the
 
 Davison case
 
 last above quoted, a party is entitled to request a finding to elicit from the jury the particular act or acts of negligence of which it finds the defendant guilty.
 

 In our most recent case on the subject,
 
 Masters
 
 v.
 
 New York Central Railroad Co., ante,
 
 293, it was held:
 

 “An interrogatory requiring the jury in a personal injury action, in the event the jury finds the defendant guilty of negligence, to specify the act or acts of negligence is a proper inquiry; and the failure or inability of the jury to find the existence of a claimed act of negligence, in answer to interrogatories so submitted, is equivalent to a finding on such claim of negligence against the party having the burden to establish it.”
 

 While the writer dissented in the
 
 Masters case,
 
 yet the quoted paragraph of the syllabus represents the law as interpreted by the majority of the court and is to be followed.
 

 The questions of negligence and proximate cause are questions of fact upon which the jury makes find
 
 *376
 
 ings of fact guided by the charge of the court in arriving at its verdict.
 

 Being of the opinion that substantial justice. was done in the trial court and that the Court of Appeals committed prejudicial error in reversing the judgment of the trial court, the judgment of the Court of Appeals is hereby reversed and the judgment of the Court of Common Pleas is hereby affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Zimmerman and Sohngen, JJ., concur.
 

 Bell, J., concurs in paragraphs two, three and four of the syllabus and in the judgment.
 

 Hart, J., not participating.