Stewart, J.
 

 The jury in this case returned general verdicts for the plaintiff and insurance company against defendant, and hereinafter we shall speak only with reference to plaintiff’s verdict and the judgments connected therewith for the reason that the verdict in favor of insurance company and the judgments connected therewith must rise or fall with the verdict and judgments concerning plaintiff.
 

 The trial court in entering judgment for defendant did so upon the theory that when the jury specially found that plaintiff could see only 40 feet in front of him at the time of the accident and the trailer of defendant was 40 feet in front of him when he first saw it, he could not and did not stop his automobile within the assured clear distance ahead and therefore was guilty of contributory negligence as a matter of law, under the authority of the case of
 
 Smiley
 
 v.
 
 Arrow Spring Bed Co.,
 
 138 Ohio St., 81, 33 N. E. (2d), 3, 133 A. L. R., 960.
 

 The syllabus of the
 
 Smiley case
 
 reads:
 

 “1. Section 12603, General Code, is a safety measure which, to accomplish its purpose, must be applied according to its clear and unambiguous language.
 

 “2. To comply with the assured-clear-distance-ahead provision of Section 12603, General Code, the driver of a motor vehicle must not operate it at a greater speed than will permit him to bring it to a stop within the distance between his motor vehicle and
 
 *471
 
 a discernible object obstructing his path or line of travel, unless such assured clear distance ahead is, without his fault, suddenly cut down or lessened by the entrance, within such clear distance ahead and into his path or line of travel, of some obstruction which renders him unable, in the exercise of ordinary care, to avoid colliding therewith.”
 

 Although plaintiff testified that he could see 300 feet ahead and that defendant’s trailer backed across his path 40 feet ahead of him, thus bringing him within the exception noted in the second paragraph of the syllabus of the
 
 Smiley case,
 
 nevertheless, it is claimed that because the jury specially found that he could see only 40 feet ahead and that he saw the trailer three or four feet across his path when he was 40 feet from the trailer, he does not come within the exception. It is true that special findings of a jury in answer to interrogatories, when inconsistent with the general verdict, will control such general verdict.
 

 Section 11420-17, General Code, provides:
 

 “When either party requests it, the court shall instruct the jurors, if they render a general verdict, specially to find upon particular questions of fact, to be stated in writing, and shall direct a written finding thereon. The verdict and finding must be entered on the journal and filed with the clerk.”
 

 Section 11420-18, General Code, provides:
 

 ‘‘ When a special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court may give judgment accordingly.”
 

 Plaintiff contends that the judgment for defendant was erroneous for the reason, among o.thers, that the answer to interrogatory No. 1, to the effect that he could see only 40 feet ahead at the time of the accident, should be disregarded upon the ground that there was no evidence upon which the answer could have been based. He argues that he himself testified that he could see 300 feet ahead, that the driver of defend
 
 *472
 
 ant’s truck testified that he could see plaintiff coming for 20 to 40 seconds before the collision, and that, therefore, all the evidence was contrary to the answer ■of the jury.
 

 With reference to this question, the majority opinion of the Court of Appeals states:
 

 “From a consideration of all of the evidence, in-•eluding that pertaining to mist, fog, rain, and the -operation of plaintiff’s windshield wipers, and also considering the reasonable inferences to be drawn therefrom, we cannot say that the jury’s answers to the interrogatories were not supported by evidence * * * 5 >
 

 That reasoning seems sound to us, as a jury is justified in drawing inferences from surrounding circumstances as well as considering what witnesses have said.
 

 Plaintiff argues further that the answer to interrogatory No. 1 does not prevent him from coming within the exception in the
 
 Smiley case
 
 for another reason.
 

 The jury answered interrogatory No. 1 to the effect that plaintiff could see a substantial object 40 feet in front of his car. In answer to interrogatory No. 2 the jury said that plaintiff was 40 feet from the trailer when he first saw it. Plaintiff contends that if he was 40 feet from the trailer when he first saw it, the front ■of his car must have been several feet less than that •distance for the reason that it is a matter of common knowledge that one seated in an automobile is some ■distance from the front thereof. If, therefore, he could see the trailer 40 feet in front of his car and he was 40 feet from the trailer when he saw it, the front of his car was less than 40 feet away. The result of this contention would be that the trailer moved suddenly into his path, cutting down the assured clear ■distance in front of him.
 

 
 *473
 
 The
 
 Smiley case
 
 was concerned with an object which-was stationary in the path of the motorist and not with one which suddenly came into the path, and Judge-Hart in that case reviewed the cases where the statutory rule of assured clear distance ahead was applied', and those where the driver was legally excused from the application of the rule.
 

 In the former list of cases were those where either the obstruction with which the driver collided was stationary in his path in front of him or was moving along ahead of him on the highway, while among the-latter class of cases were those where there was an entrance of a person or vehicle into the line of' travel of a motorist, cutting down his previous assured clear distance ahead so that he had neither the space-nor opportunity to stop his car before colliding with such person or vehicle.
 

 According to plaintiff’s interpretation of the jury’s answers to interrogatories Nos. 1 and 2, his assured' clear distance was 40 feet in front of his car, and defendant’s trailer moved into his path 40 feet from him, which would be less than 40 feet from his car-front.
 

 With reference to this contention the Court of Appeals said concerning interrogatory No. 2:
 

 “To us it seems that the interrogatory in question is-properly susceptible to the construction of inquiring ‘how far was plaintiff’s
 
 car
 
 from the trailer when plaintiff first saw it?’ Both of the other interrogatories dealt with the location of automobiles upon the-highway, and the first interrogatory asked, ‘how far could the plaintiff see a substantial object
 
 in front of his car
 
 immediately before the accident?’
 

 “The jury was thinking in terms of the location of' cars when it came to a consideration of interrogatory -No. 2, and in our opinion the answer ‘forty feet’ was intended to mean that plaintiff’s car was 40 feet from: the trailer when plaintiff first saw the trailer.”
 

 
 *474
 
 With that statement of the Court of Appeals we do not agree. Where an interrogatory is ambiguous and susceptible to two different meanings it must be construed against the party drawing it.
 

 In the case of
 
 Burke v. Bay City Traction & Electric Co.,
 
 147 Mich., 172, 110 N. W., 524, it is stated:
 

 “If such ambiguous questions are submitted * * * they should be construed as the jury understood them. Otherwise their answer is not given the effect that the jury intend. By what means shall we ascertain the understanding of the jury? The party who propounds such questions — in this case, the defendant — is responsible for their ambiguous character, and all serious doubts should be resolved against him. Under such circumstances it should be presumed that the jury placed that construction upon the question which makes their answer thereto harmonious with their general verdict and with their answers to the other special questions. Any other rule would give an unfair advantage to the party asking ambiguous questions and encourage him to persist in an improper practice. ’ ’
 

 If it is reasonably possible so to do, special findings of a jury must be harmonized with its general verdict. Giving interrogatory No. 2 and the answer thereto their literal construction, the result would be that if the jury believed the testimony of plaintiff, which, by its general verdict and its answer to interrogatory No. 3, it evidently did, it found in its answers to interrogatories Nos. 1 and 2 that defendant’s trailer did back into plaintiff’s path and cut off his assured clear distance ahead.
 

 However, there is another and perhaps stronger reason for holding that the answers to interrogatories Nos. 1 and 2 should not control the general verdict of the jury.
 

 Interrogatory No. 4 read:
 

 
 *475
 
 “Was the plaintiff negligent? Answer: In our opinion ‘No.’ ”
 

 Interrogatory No. 5 read:
 

 “If you find the plaintiff was negligent, was such negligence a proximate cause of the collision? Answer: ‘No.’ ”
 

 The answers to interrogatories Nos. 4 and 5 were in direct conflict with the answers to interrogatories Nos. 1 and 2.
 

 The Court of Common Pleas had charged the jury upon the doctrine of the assured clear distance ahead and, in fact, had given special charges upon that matter as requested by defendant.
 

 Special charge No. 8 given by the court to the jury was as follows:
 

 “The court charges you as a matter of law that it was the duty of the plaintiff not to operate his car at a greater rate of speed than would permit him to bring his car to a stop within the distance between his car and a discernible object obstructing his path. If you find that the plaintiff failed to so operate his car, such failure was negligence as a matter of law, unless you also find that such distance ahead was, without his fault, suddenly cut down or lessened, by the entrance within such distance ahead, and into his line of travel, of some obstruction, in which event he was bound to exercise ordinary care to avoid colliding therewith. ’ ’
 

 From the instructions of the court the jury knew that plaintiff was negligent as a matter of law if, within his assured clear distance ahead, he could not and did not stop his car before hitting a discernible object which he saw as far away as he could see anything, and yet the jury answered interrogatories to the effect that plaintiff was not negligent and that no negligence on his part was a proximate cause of the collision. Therefore, if the answers to interrogatories
 
 *476
 
 Nos. 1 and 2 are given the interpretation and effect •claimed by defendant, they are utterly inconsistent with the answers to interrogatories Nos. 4 and 5.
 

 In the event of inconsistent answers to interrogatories on the same issue, it is the duty of the court to harmonize them, if possible, but if it is impossible to harmonize such answers then they cancel one another and should be disregarded by the court.
 
 Pearson
 
 v.
 
 Doherty,
 
 143 Tex., 64, 183 S. W. (2d), 453;
 
 Abraham v. Mack,
 
 130 Ore., 32, 273 P., 711;
 
 Pittsburgh, C., C. & St. L. Ry. Co.
 
 v.
 
 Lightheiser,
 
 168 Ind., 438, 78 N. E., 1033;
 
 Taggart
 
 v.
 
 Keebler,
 
 198 Ind., 633, 154 N. E., 485.
 

 If the answers to the interrogatories should be disregarded, it naturally follows that the judgment in .favor of defendant should not have* been entered.
 

 Defendant seems to recognize the inconsistency be’tween the answers to interrogatories Nos. 4 and 5 and Ihis interpretation of the answers to interrogatories Nos. 1 and 2, but argues that the answers to interroga•tories Nos. 4 and 5 should be disregarded for the rea•son that such interrogatories did not call for a special 'finding on a particular question of fact as defined by "this court in
 
 Brier Hill Steel Co.
 
 v.
 
 Ianakis,
 
 93 Ohio St., 300, 112 N. E., 1013;
 
 Mason Tire & Rubber Co.
 
 v.
 
 Lansinger,
 
 108 Ohio St., 377, 140 N. E., 770; and
 
 Elio
 
 v.
 
 Akron Transportation Co.,
 
 147 Ohio St., 363, 71 N. E. (2d), 707.
 

 In the
 
 Brier Hill Steel case
 
 this court did say that •an interrogatory reading, “Was’the plaintiff negligent ‘in any degree directly and proximately contributing to his accident and injuries?,” to which the jury answered, “yes,” should be disregarded along with the .answer, for the reason that the interrogatory did not •call for a special finding upon a particular question of fact as contemplated by the statute but rather for a •combined finding of fact and conclusion of law, which •conclusion might or might not have been drawn from
 
 *477
 
 findings of particular facts returned by the jury, and that, therefore, the interrogatory should not have been submitted by the trial court.
 

 The
 
 Brier Hill Steel case
 
 was approved and followed by this court in the case of
 
 Mason Tire & Rubber Co.
 
 v.
 
 Lansinger,
 
 108 Ohio St., 377, 140 N. E., 770.
 

 In each of the cases of
 
 Masters
 
 v.
 
 New York Central Rd. Co.,
 
 147 Ohio St., 293, 70 N. E. (2d), 898, and
 
 Elio
 
 v.
 
 Akron Transportation Co.,
 
 147 Ohio St., 363, 71 N. E. (2d), 707, the interrogatory with reference to the negligence of a party was coupled with an interrogatory concerning the acts of negligence, so that those two cases are in no way in conflict with the former ones.
 

 We are of the opinion that the former holdings of this court are correct and that the trial court in the instant case should not • have given interrogatories Nos. 4 and 5 over the objection of plaintiff. But does that help defendant?
 

 It was the defendant w.ho presented interrogatories Nos. 4 and 5, requested the trial court to give them to the jury, and requested that the jury should answer them. This the trial court did over the objection of the plaintiff. We are of the opinion that the defendant cannot successfully contend that the answers to these interrogatories should be disregarded. If it was error for the court to give them, it was error that was invited by defendant.
 

 In the case of
 
 Stockgrowers’ Bank of Wheatland
 
 v.
 
 Gray,
 
 24 Wyo., 18, 154 P., 593, the Supreme Court of Wyoming held:
 

 “Where an interrogatory was submitted to the jury at defendant’s request, it could not complain of error in the submission.”
 

 In its opinion the court there said:
 

 “Defendant now contends that the court committed error in submitting this interrogatory to the jury * * *
 
 *478
 
 if error to have submitted the question to the jury it', was in the nature of invited error of which defendant, cannot complain.
 

 “The fifth interrogatory was directed to the issue * * Like the sixth interrogatory this inquiry was-submitted to the jury at the request of the defendant and it cannot now be heard to complain that the issue-was submitted in the form of an interrogatory or that the issue was not within the pleadings.”
 

 If defendant in the instant case had not submitted', interrogatories Nos. 4 and 5 and insisted upon their being submitted to the jury over the objection of plaintiff, or if plaintiff had submitted them over the objection of defendant, the latter would be in a much, stronger position. The defendant, having submitted' the interrogatories, although the court was in error-in giving them, nevertheless was bound by the answers to them, and since those answers were in direct'. conflict with the defendant’s interpretation of the answers to interrogatories Nos. 1 and 2, the Common: Pleas Court should have disregarded the answers to-all interrogatories which conflict with each other, and, therefore, was in error in entering final judgment for-the defendant.
 

 Defendant’s motion for a new trial has not been-passed upon by the Court of Common Pleas. The-question whether the general verdict of the jury was-against the weight of the evidence or any other question raised in the motion for a new trial is not before-us and should be passed upon by the trial court.
 

 The judgment of the Court of Appeals is reversed! and the cause is remanded to the Court of Common-Pleas for it to pass upon defendant’s motion for a new trial and for further proceedings according to-la w.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman,. Turner and Taet, JJ., concur.