Wheeling & Lake Erie Ry. Co., Appellee, *v.*
Hollywood Cartage Co., Appellant.

(No. 585—Decided October 24, 1949.)

*Messrs. Young & Young,* for appellee.
*Mr. G. Ray Craig,* for appellant.

CARPENTER, J. In the early morning of November 13, 1943, a locomotive of the plaintiff, the Wheeling & Lake Erie Railway Company, and a tractor and heavily loaded semi-trailer of defendant came into collision on the grade crossing of plaintiff at Benedict avenue in the city of Norwalk. The locomotive, gates and gatekeeper's tower were damaged and this action was brought to recover therefor. From a judgment for plaintiff, defendant took this appeal on questions of law.

The crossing was protected by gates manually operated 24 hours a day. The truck approached from the south down a grade on Benedict avenue, and the train from the east, or the driver's right. On that side of the street, trees and buildings cut off the driver's view to the east until he was within 29 feet from the center of the track.

The gateman testified that the gates were seasonably lowered as the train approached. The truck driver, who had driven trucks over this crossing for several years and was familiar with it, said the gates stood erect and as he could not see to the east, he relied upon them and proceeded to cross when the locomotive struck the truck and carried it some distance down the track, knocking down the gate and gate mechanism on the southwest side, and the gateman's tower which stood near it.

When the evidence was concluded, the defendant presented to the court some written instructions to the jury and requested that they be given. On objection by the plaintiff, two of these were refused. One was:

"If by a preponderance of the evidence in this case you find that the safety gates, at the time of the approach of defendant's truck, were upright, the driver of the truck was entitled to place some reliance upon the indication of safety which the upright gates implied."

The language of that instruction obviously came from the syllabus of *Lohrey* v. *Baltimore & Ohio Rd. Co.*, 131 Ohio St., 386, 3 N. E. (2d), 54. In the recent. decision of *Norwalk Truck Line Co.* v. *Wheeling & Lake Erie Ry. Co.*, 77 Ohio App., 253, 66 N. E. (2d), 782, this court followed that decision and the decision in *Cleveland, C., C. & I. Ry. Co.* v. *Schneider*, 45 Ohio St., 678, 17 N. E., 321. The instruction should have been given, and refusal of it was prejudicial error.

Certain safety rules of the Public Utilities Commission of Ohio and of the Interstate Commerce Commission, regarding the manner in which trucks should approach and cross grade crossings, were offered in evidence by the plaintiff. Objection was made to their authentication and that the entire booklets of rules were submitted as exhibits. The record shows that the applicable rules were pointed out and marked and the court's charge upon them quoted the particular rules. As to authentication, the court was bound to take judicial notice of the safety rules and regulations adopted by both of these authorities, so this court has said in two decisions—*New York, Chicago & St. Louis Rd. Co.* v. *Van Dorp*, 36 Ohio App., 530, 173 N. E., 445; and *Duncan* v. *Evans*, 60 Ohio App., 265, 20 N. E. (2d), 729.

The defendant, in writing before argument, requested the court to instruct the jury as follows:

"I say to you as a matter of law that the safety rules of the Public Utilities Commission of Ohio and

of the Interstate Commerce Commission relating to the drivers of carriers are only admissible for your consideration as bearing on the question of the want of ordinary care by the driver of the truck.''

The refusal of the court to so instruct was prejudicial error. *Matz, Admr.,* v. *Curtis Cartage Co.,* 132 Ohio St., 271, 7 N. E. (2d), 220; *Norwalk Truck Line Co.* v. *Wheeling & Lake Erie Ry. Co.,* 77 Ohio App., 253, 66 N. E. (2d), 782.

In its general charge, the court correctly covered this proposition but that did not cure the error of refusal to give the properly requested instructions before argument. *Washington Fidelity National Ins. Co.* v. *Herbert,* 125 Ohio St., 591, 183 N. E., 537, and cases there cited.

At the request of the plaintiff and over the objection of the defendant, the court submitted to the jury the following interrogatory to be answered by it:

''Was the defendant negligent in the operation of its motor vehicle at the time of the collision between the engine of the Wheeling & Lake Erie Railroad Company and the motor transportation outfit of Hollywood Cartage Company?''

The submission of this interrogatory to the jury over the defendant's objection raises two legal questions:

First: Did the interrogatory conform to Section 11420-17, General Code, which provides:

''When either party requests it, the court shall instruct the jurors, if they render a general verdict, specially to find upon particular questions of fact, to be stated in writing, and shall direct a written finding thereon. The verdict and finding must be entered on the journal and filed with the clerk.''

The purpose of such findings of fact is to test the

general verdict. Section 11420-18, General Code. Did this query require the jurors "specially to find upon a particular question of fact"? And was it a controlling fact?

In the petition, the plaintiff pleaded that plaintiff's damages were caused by the negligence of the defendant in nine specific respects grouped under three numbers. The interrogatory does not specify in which of these respects, if any, the defendant was negligent.

In *Brier Hill Steel Co.* v. *Ianakis,* 93 Ohio St., 300, 112 N. E., 1013, the interrogatory was:

"Was the defendant negligent in any degree directly and proximately contributing to his accident and injuries?"

The opinion of the court said it called for a combined finding of fact and conclusions of law and did not conform to the statute. This decision was approved and followed in *Mason Tire & Rubber Co.* v. *Lansinger,* 108 Ohio St., 377, 140 N. E., 770.

In contrast with these was *Davison* v. *Flowers,* 123 Ohio St., 89, 174 N. E., 137, where there were two questions: (1) "Was the defendant negligent?" and (2) "If your answer is yes, state of what the negligence consisted."

As in the case at bar, there was more than one specific act of negligence pleaded, and the second question elicited a finding on a specific fact issue. This distinction is pointed out in three recent decisions: *Masters* v. *New York Central Rd. Co.,* 147 Ohio St., 293, 298, 70 N. E. (2d), 898; *Elio* v. *Akron Transportation Co.,* 147 Ohio St., 363, 373, 71 N. E. (2d), 707; *Klever* v. *Reid Brothers Express, Inc.,* 151 Ohio St., 467, 476, 86 N. E. (2d), 608.

From the reasoning in those decisions, it is apparent that the interrogatory submitted was improper.

The second question is: Was its submission to the jury prejudicial?

This is answered in the affirmative in *Anderson, Admx.,* v. *Johnson Co.,* 150 Ohio St., 169, 80 N. E. (2d), 757, paragraph two of the syllabus. Beginning at page 172, the opinion of the Chief Justice is an extended quote from the opinion of this court on this question in which is expressed its views on this subject.

Other assignments of error are presented by the defendant, but the court does not sustain them.

For the errors in refusing to instruct before argument, and in submitting to the jurors an improper interrogatory, the judgment will be reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

CONN and FESS, JJ., concur.