IIeubkh'í, J.
The question before this court is whether the tria] court erred in submitting to the jury the interrogatory requested by defendant. The Court of Appeals held it to be “in the nature of a special verdict.”
Section 2315.14, Revised Code (Recodification Act of 1953), reads as follows:
“A special verdict is one by which the jury finds facts only as established by the evidence; and it must so present such facts, but not the evidence to prove them, that nothing remains for the court but to draw, from the facts found, conclusions of law. ’ ’
Section 2315.16, Revised Code (Recodification Act of 1953), reads as follows:
“When either party requests it, the court shall instruct the jurors, if they render a general verdict, specially to find upon particular questions of fact, to be stated in writing, and shall direct a written finding thereon. The verdict and finding must be entered on the journal and filed with the clerk.”
It is quite apparent that defendant was seeking to proceed under the provisions of the latter section rather than the former, so we'must explore further the conclusion of the Court of Appeals.
In the case of Brier Hill Steel Co. v. Ianakis, 93 Ohio St., 300, 112 N. E., 1013, this court was confronted with the following interrogatory and answer: “Was the plaintiff negligent in any degree directly and proximately contributing to his accident and injuries?” “Yes.”
In the per curiam opinion in that case, it is stated (page 303): “This interrogatory does not call for a special finding upon a particular question of fact as contemplated by such statutory provision, but rather for a combined finding of fact and conclusion of law, which conclusion may or may not be drawn from findings of particular facts returned by the jury, and therefore should not have been submitted by the trial court. ’ ’
Later it became the rule that interrogatories intended to fix negligence are proper when coupled with further interrogatories requiring details of fact. In Klever v. Reid Brothers *135 Express, Inc., 151 Ohio St., 467, 477, 86 N. E. (2d), 608, the law on this point is discussed in the following language:
“The Brier Hill Steel case was approved and followed by this court in the case of Mason Tire & Rubber Co. v. Lansinger, 108 Ohio St., 377, 140 N. E., 770.
“In each of the cases of Masters v. New York Central Rd. Co., 147 Ohio St., 293, 70 N. E. (2d), 898, and Elio v. Akron Transportation Co., 147 Ohio St., 363, 71 N. E. (2d), 707, the interrogatory with reference to the negligence of a party was coupled with an interrogatory concerning the acts of negligence, so that those two cases are in no way in conflict with the former ones.”
In the case of Elio v. Akron Transportation Co., supra, paragraph four of the syllabus reads as follows: “Each interrogatory submitted to a jury for answer should be limited to a single, direct and controverted issue of fact and should be so stated that the answer will necessarily be positive, direct and intelligible.” Did the interrogatory here conform to that limitation? After the trial court submitted it to the jury at the conclusion of its charge, counsel for plaintiff requested a further charge with respect to the words, “direct or immediate cause,” in the interrogatory.
In the record, we find the following:
“Mr. Joseph: While we appreciate that the court can not suggest to the jury how an interrogatory should be answered, we do feel that the court should charge the jury that the words ‘proximate cause’ and ‘immediate cause’ are used synonymously and mean the same thing so far as the law is concerned.
“Mr. Videan: No objection.
“The Court: Members of the jury, you are instructed that where I have used the term or where it is used in the special interrogatory, the word ‘direct’ or ‘immediate’ cause, that is synonymous. It means the same as direct and proximate cause so that in your consideration that is the same rule to apply in your general verdict as you do in determining your answer to the special interrogatory. Now is there anything further?
“Mr. Joseph: Nothing further.
“Mr. Videan: No, nothing.”
The question then begins to emerge: Did this interrogatory *136 call for a finding of ultimate fact or a mixed finding of fact and conclusion of law? Both sides as well as the Court of Appeals relied on the case of Bradley, an Infant, v. Mansfield Rapid Transit, Inc., 154 Ohio St., 154, 93 N. E. (2d), 672. In that case, where a minor was injured in falling out of a motorbus through an opened door, it is interesting to note two of the interrogatories which were submitted to the jury at the request of defendant. They were as follows:
“No. 5 — Do you find that the plaintiff, Charles Daniel Bradley, was negligent in any respect that was a direct cause of his injuries?”
“No. 6 — If the answer to interrogatory No. 5 is ‘yes,’ of what did his negligence consist?”
The ansAver to No. 5 was “yes” and to No. 6 the jury responded, “We find plaintiff was negligent to a lesser degree than defendant, due to his position in the bus.”
The trial court considered this answer ambiguous and sent the jury back to reconsider its answers to both interrogatories Nos. 5 and 6, with which error we are not now concerned. The majority opinion states, however (page 163), that interrogatories Nos. 5 and 6 were property submitted to the jury.
Similar interrogatories were held to be proper in the case of Bobbitt v. Maher Beverage Co., 152 Ohio St. 246, 89 N. E. (2d), 583. They read as follows:
“Do you find that the defendant, Maher Beverage Company, was negligent in any respect contributing to the cause of the collision and plaintiff’s injuries as a proximate cause thereof ?
“In the event your answer to interrogatory No. 1 is ‘yes,’ state of what such negligence consisted.”
The trial court was upheld in rejecting them only because of the untimeliness of the request.
Reference is made in the per curiam opinion of the Court of Appeals in the instant case to the case of Klever v. Reid Brothers Express, Inc., supra, and particularly to the statement in the opinion (page 477) that the trial court should not have given interrogatories Nos. 4 and 5 over the objection of plaintiff.
It is interesting to note that, in some of the cases cited, the disputed interrogatories involved both the issues of negligence *137 and proximate cause and in that respect may have been counter to the rule enunciated in the Elio case. But in neither the Bobbitt case nor the Bradley case were they held faulty for that reason. In the Klever case, although the majority opinion states that the trial court should not have given the interrogatories objected to, the issue was disposed of in paragraph four of the syllabus.
Summarizing, it seems apparent from the above line of cases that interrogatories intended to fix negligence are proper when accompanied by interrogatories requiring factual answers as to specific acts of negligence (paragraph two of the syllabus of the Bradley case, supra). Is there necessity for such coupled interrogatories where the factual support is furnished in the interrogatory itself? Here the interrogatory was directed at a specific factual matter and inquired whether the injury of July 6, 1948, was the direct and immediate cause of the death in December 1949.
In the Bradley case, supra, 170, Zimmerman, J,, in his concurring and dissenting opinion, said:
“Obviously, the purpose of interrogatories would be defeated if the questions propounded called not for facts alone, but for legal conclusions based on facts. It is improper, therefore, to submit interrogatories calling for such conclusions, and answers so elicited must be disregarded.
“The perplexity arises in the attempt to differentiate between interrogatories calling for facts and those calling for conclusions of mixed law and fact.”
The petition in the instant case alleges that decedent died “as a direct and proximate result of the injuries sustained by * * * [him] on July 6, 1948, * * * or [that] an already existing ill condition of the heart and coronary arteries was so proximately aggravated by such injuries as to hasten * * * [his] death. ’ ’
The answer “specifically denies that the injury sustained by * * * [decedent] on July 6,1948, * * * either directly caused or directly aggravated the conditions which resulted in his death on December 13, 1949.”
The jury in its answer to the special interrogatory definitely settled one of these issues of fact, and the other was disposed *138 of by the general verdict.
We cannot agree with the Court of Appeals that the interrogatory was “in the nature of a special verdict,” but hold that it called for a finding of ultimate fact and not for a mixed finding of fact and conclusion of law.
Therefore, the judgment of the Court of Appeals is reversed and the judgment rendered by the Court of Common Pleas is affirmed.

Judgment reversed.

WeygaNdt, C. J., Zimmermak, Stewart, Bell, Taet and Matthias, JJ., concur.